UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff-Respondent,       Criminal Case No. 09-20221
v.       Civil Case No. 14-10431
    HON. DENISE PAGE HOOD
JUAN DE OLEO (D-8),

    Defendant-Petitioner.
_____/


**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE,
ORDER DISMISSING CIVIL CASE NO. 14-10431
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I.   BACKGROUND**

On August 27, 2010, a jury found Defendant Juan De Oleo guilty on the following charges: Conspiracy to Commit Medicare Fraud, 18 U.S.C. § 3149 (Count 1); five counts of Health Care Fraud, 18 U.S.C. § 1347 and Aiding and Abetting, 18 U.S.C. § 2 (Counts 2-6); and two counts of Money Laundering, 18 U.S.C. § 1957 (Counts 7-8). (Jury Verdict Form, Doc. No. 200) De Oleo was sentenced to concurrent terms of 120 months on each count, followed by concurrent terms of 3 years on supervised release on each count. De Oleo was ordered to pay restitution in the amount of $1,789,234.74 (jointly and severally).

(Judgment, Doc. No. 243, filed March 21, 2011)  A Notice of Appeal was filed by De Oleo on March 17, 2011.  (Doc. No. 240)  The Sixth Circuit Court of Appeals affirmed De Oleo's conviction and Judgment on September 20, 2012.  (Doc. Nos. 304, 305)  The United States Supreme Court denied De Oleo's petition for a writ of certiorari on February 19, 2013.  (Doc. No. 311)

De Oleo, proceeding *pro se*, filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on January 29, 2014.  (Doc. No. 320)  De Oleo raises two grounds in the instant motion–that the Government failed to prove the jurisdictional element of "affecting commerce" and ineffective assistance of counsel.  (Doc. No. 320, Pg ID 4403-05)

Briefs have been filed in this matter.  For the reasons set forth below, the Court denies De Oleo's Motion to Vacate, Set Aside, or Correct Sentence.

II.  **ANALYSIS**

  A.  **Standard**

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a).  Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001).  The AEDPA established a one-year

limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004).

A court may not conduct a collateral review of a judgment where the issues for review have been decided on direct appeal. *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996). A court also may not conduct a collateral review of an issue that has been procedurally defaulted by the defendant's failure to raise the grounds for review on direct appeal. *Massaro v. United States,* 530 U.S. 500, 504 (2003). Section 2255 is not a substitute for a direct appeal and a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady,* 460 U.S. 152, 164-65 (1982); *Elzy v. United States,* 205 F.3d 882, 884 (6th Cir. 2000). Where a defendant fails to raise claims on direct appeal and attempts to raise them in a § 2255 motion, the defendant must show good cause for the failure to raise the claims and establish prejudice or the defendant must show he or she is actually innocent. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003).

**B.    Ground One: Jurisdictional Element**

De Oleo asserts that the Government did not prove the Jurisdictional element

of health care fraud since the jury instructions did not mention the "affecting commerce" element. The Government responds that De Oleo waived this claim since he failed to raise this issue on direct appeal. The Government asserts De Oleo has not demonstrated cause and prejudice to overcome the procedural default.

The Court finds that De Oleo has not established cause and prejudice to overcome the procedural default of failing to raise the jurisdictional element and/or the improper jury instruction regarding the jurisdictional element on direct appeal. De Oleo did not object to the jury instructions regarding the elements of healthcare fraud at trial. De Oleo has not cited any Sixth Circuit cases which requires the "affecting commerce" element to be part of the jury instructions. Other circuit courts have held that the district court's failure to invoke the word "commerce" in the jury instructions of a Medicare health care fraud case does not affect the fairness or integrity of judicial proceedings. *See, United States v. Hickman,* 331 F.3d 439, 444 (5th Cir. 2003); *United States v. Natale,* 719 F.3d 719, 734 (7th Cir. 2013). The question of whether Medicare is a health care benefit program "affecting commerce" is "essentially uncontroverted." *Hickman,* 331 F.3d at 443-44; *Johnson v. United States*, 420 U.S. 461, 469-70 (1997).

De Oleo does not argue that the Medicare program he participated in does not affect commerce, only that the jury instructions did not mention such. De

Oleo's jurisdictional element argument raised in his Ground One is waived since he has not shown any cause and prejudice to overcome the procedural default for failing to raise this issue on direct appeal. In addition, because there is no serious question that Medicare is a health care benefit program affecting commerce, De Oleo's claim lacks merit even if properly raised initially before this Court or on appeal. De Oleo's § 2255 motion based on a Jurisdictional element claim is denied.

### C. Ground Two: Ineffective Assistance of Counsel

#### 1. Standard of Review

De Oleo raises eleven issues in his ineffective assistance of counsel claim: 1) jurisdictional issue; 2) the indictment was constructively amended; 3) insufficient evidence under 18 U.S.C. § 1347; 4) insufficient proof per the jury instructions; 5) the sentence was procedurally unreasonable; 6) violation of the guidelines application; 7) leader or aider and abettor; 8) failure to present a sentence memorandum; 9) failure to advise regarding a plea agreement; 10) failure to prove Counts 2-6; and 11) sophisticated means.

The court of appeals typically will not review a claim of ineffective assistance of counsel on direct appeal except in rare cases where the error is apparent from the existing record. *United States v. Lopez-Medina,* 461 F.3d 724,

737 (6th Cir. 2006). Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

### 2. Jurisdictional Issue

De Oleo argues that appeal counsel failed to raise the interstate commerce jurisdictional element on appeal. The Government responds that because the claim is meritless, failure of appellate counsel to raise the issue was not ineffective assistance of counsel.

The Court, having found above that the jurisdictional issue regarding the interstate commerce element would have been meritless if raised initially before this Court prior or during trial, appellate counsel's failure to raise this issue does not amount to ineffective assistance of counsel. An appellate counsel's failure to raise meritless claims on appeal does not constitute ineffective assistance of counsel. *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001) ("[B]y definition, appellate counsel cannot be ineffective for failure to raise an issue that lacks merit."). De Oleo has failed to meet the first and second prongs of the *Strickland* test.

### 3. The Indictment was Constructively Amended

De Oleo argues that the Indictment was constructively amended because he was indicted with health care fraud under 18 U.S.C. § 1347 in Counts 2 through 6

but the jury instructions related to mail fraud under 18 U.S.C. § 1341. The Government responds that the jury instructions on health care fraud tracked the language of 18 U.S.C. § 1347.

Reviewing the jury instructions read at trial, the Court finds that the charge as to health care fraud tracked the statute, 18 U.S.C. § 1347. Specifically, the Court instructed the jury as follows:

> Counts 2 through 6 accuse the defendants Deirdre Teagan, Juan De Oleo and Rosa Genao of the crime of health care fraud in violation of federal law. For you to fined a defendant guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt. A, the defendant knowingly devised a scheme or artifice to defraud a health care benefit program in connection with the delivery of or payment for health care benefits items or services; B, the defendant executed or attempted to execute this scheme or artifice to defraud; C, the defendant acted with intent to defraud.

(Doc. No. 267, 8/20/2010 Tr., Pg ID 2525-26) There was no mention of mail fraud during the reading of the jury instructions. The Court went on to define the terms found in the statute, such as "scheme to defraud." *Id.* at 2526.

The failure of trial defense counsel to pursue objections to jury instructions cannot constitute ineffective assistance of counsel. *See, United States v. Hanley,* 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, appellate counsel is not required to raise meritless issues on appeal. *Greer,* 264 F.3d at 676. De Oleo's claim of

8

ineffective of assistance of trial or appellate counsel as to the jury instructions is without merit. De Oleo has not met the first or second prongs under the *Strickland* test.

### 4. Sentencing Issues

#### a. Standard

De Oleo argues his trial and appellate counsel were ineffective on five issues related to his sentence: 1) the sentence was procedurally unreasonable because the Court miscalculated the offense level based on an improper loss calculation; 2) the sentence violated the guideline applications since the sentence was erroneously enhanced under the guidelines and testimony of witnesses were presented at sentencing who were not presented at trial; 3) the sentence was enhanced erroneously because he was not a leader instead of aider and abettor; 4) the failure of his trial counsel to present a sentence memorandum; and, 5) the two-level enhancement for "sophisticated means" was in error. The Government responds that the sentence issued by the Court was reasonable and trial and appellate counsels' actions did not constitute ineffective assistance of counsel.

A challenge to a sentence issue based on enhancements is barred if it was already considered and rejected on direct appeal. *Head v. United States,* Case No. 93-3529, 1993 WL 513926 at *2 (6th Cir. Dec. 9, 1993); *Stephan v. United States,*

496 F.2d 527, 528-29 (6th Cir. 1974) (Relief under § 2255 could be denied "where the trial or appellate court has had a 'say' on a federal prisoner's claim.'"). A claim reviewed on direct appeal may not be re-litigated through a § 2255 motion unless "highly exceptional circumstances" are present, such as an intervening change in the law. *Dupont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996).

De Oleo does not assert a change of law or any other exceptional circumstances in his § 2255 motion which requires the Court to re-litigate his sentence. Although the sentencing issues were not raised on appeal, the Sixth Circuit affirmed De Oleo's "conviction and sentence." (Doc. No. 304, Pg ID 3801) Even if the Court were to consider De Oleo's arguments as to his sentence, the Court finds that the sentence was properly calculated for the reasons set forth below.

### b. Offense Level/Loss Amount

De Oleo claims that his sentence was based on an improper loss calculation amount. The Court heard arguments as to De Oleo's objections regarding the loss amount calculation and ruled that the intended loss amount rather that the actual loss amount was the proper loss amount in calculating De Oleo's sentence. Based on the evidence submitted by the Government, including Medicare claims data and bank records, the Court calculated the loss amount based on a preponderance of the

evidence standard. (Doc. No. 275, 3/4/2011 Tr. at Pg ID 3200-06) The Sixth Circuit has ruled that the applicable loss amount in a Medicare fraud case is the actual or intended loss amount, whichever is greater. *See, United States v. Martinez,* 588 F.3d 301, 326-27 (6th Cir. 2009). De Oleo has not shown that this Court improperly calculated the loss amount. De Oleo's ineffective assistance of trial and appellate counsel claims regarding improper loss amount calculation as to his sentence is without merit and fails to meet the two-prong *Strickland* test.

### c. Improper Enhancement because of Failure to Confront Witnesses at Sentencing

As to De Oleo's wrongful enhancement claim that his right to confront the witnesses was violated, the Rules of Evidence do not apply at sentencing. Fed. R. Evid. 1101(d)(3). The Sixth Circuit has ruled that hearsay testimony does not affect a defendant's right to confrontation at sentencing. *United States v. Paull,* 551 F.3d 516, 527 (6th Cir. 2009). The sentencing court may consider and rely on hearsay evidence without any confrontation requirement, so long as the evidence presented in the presentence report bears some minimal indicia of reliability. *United States v. Silverman,* 976 F.2d 1502, 1511 (6th Cir. 1992)(*en banc)*. De Oleo's claim of ineffective assistance of trial or appellate counsel regarding the confrontation clause is without merit and does not meet either prong of *Strickland*.

### d. Leader/Organizer

Regarding the four-level enhancement based on De Oleo's role as a "leader" or "organizer", even if the underlying conviction was for aiding and abetting a criminal offense, the Sixth Circuit has held that a four-level enchantment was appropriate based on the evidence that a defendant had control of some of the individuals. *See, United States v. Bennett,* 291 F.3d 888, 897-98 (6th Cir. 2002); *United States v. Melesio,* 532 F. App'x 596 (6th Cir. 2013). The Court heard extensive arguments regarding De Oleo's role, including evidence that he played a leadership role in the conspiracy. (Doc. No. 275, 8/31/11 Tr., Pg ID 3202-04) Based on the preponderance of the evidence, the Court applied the four-level enhancement to De Oleo's sentence. De Oleo's claim of ineffective assistance of trial or appellate counsel is denied since he is unable to meet the two-prong test under *Strickland*.

### e. Sentencing Memorandum

De Oleo asserts that his trial and appellate counsel were ineffective because his trial counsel failed to file a sentencing memorandum on his behalf and appellate counsel failed to raise such on direct appeal. The Local Criminal Rules do not require a sentencing memorandum to be submitted to the Court. In this case, De Oleo's trial counsel presented objections to the presentence report to Probation and presented oral arguments as to the objections before the Court. As

noted previously, the Court held extensive arguments regarding De Oleo's objections to the presentence report. De Oleo's ineffective assistance of trial or appellate counsel claim as to failure to file a sentencing memorandum is without merit since there is no requirement to file such, De Oleo's trial counsel submitted objections to the presentence report and arguments were held regarding various sentencing issues. De Oleo cannot meet the two-prong *Strickland* test as to his claim that trial counsel failed to file a sentencing memorandum.

### f. Sophisticated Means

The last sentencing issue raised by De Oleo is that his trial and appellate counsel were ineffective because they failed to challenge the two-level sentencing enhancement for "sophisticated means" under § 2B1.1(b)(9) of the Sentencing Guidelines. Section 2B1.1(b)(9) provides an enhancement of two levels if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." U.S.S.G. § 2B1.1(b)(9) (eff. Nov. 1, 2010). Section 2B1.1 of the United States Sentencing Guidelines defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, comment. (n. 8(B)) (eff. Nov. 1, 2010).

The record shows that De Oleo's trial counsel did raise an objection to the

application of the sophisticated means enhancement and argued such before the Court at sentencing. (Doc. No. 275, 3/3/2011 Tr., Pg ID 3170 and 3/4/2011 Tr., Pg ID 3205-06) In overruling De Oleo's trial counsel's objection, the Court found that De Oleo was involved in the execution and concealment of the fraudulent scheme when the scheme moved from Florida to Detroit to evade law enforcement, that De Oleo was involved in recruiting one of the doctors who falsified the records, that De Oleo had some connection with the management, the medicare number and the clinic, and De Oleo received a significant amount of money from the scheme and put up the money for the criminal offense. (Doc. No. 275, 3/4/2911 Tr., Pg ID 3205-06) De Oleo's ineffective assistance of trial or appellate counsel claim based on the failure to object to the sophisticated means enhancement does not meet the two-prong test under *Strickland* since trial counsel did object to the application of the enhancement and this Court properly applied the enhancement.

### 5. Failure to Advise Regarding Plea Agreement

De Oleo claims that his trial counsel failed to negotiate a plea and did not tell him about a plea agreement, but asserts his trial counsel advised De Oleo not to accept the plea and "to play the waiting game and scare the government to prove (sic) the evidence at trial." (Doc. No. 320, Pg ID 4448) De Oleo asserts that his

counsel advised him not to take the plea offer, but instead go to trial. During the trial, the defense sought to resolve the matter with the Government during trial, but the Government declined to extend any offer to De Oleo at trial. The Government responds this claim is without merit.

In *Missouri v. Frye,* 132 S.Ct. 1399 (2012) and *Lafler v. Cooper,* 132 S.Ct. 1376 (2012), the Supreme Court held that to establish an ineffective assistance of counsel claim in the plea-bargaining process, the defendant must show not only that counsel was deficient, but that the outcome of the plea process would have been different with competent advice. *Lafler*, 132 S.Ct. at 1384 (citing *Frye*, 132 S.Ct. at 1388-89). In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Frye*, 132 S.Ct. at 1408. Counsel's failure to convey the plea offer to his client or allow the client to consider the offer, is ineffective of counsel claim under the Constitution. *Id.* The defendant must then show prejudice–a reasonable probability that the earlier plea offer would have been accepted by the defendant, had the defendant been informed of the plea offer. *Id.* at 1409. A defendant must also demonstrate that the prosecution would not have canceled the offer or that the trial court would have accepted the plea. *Id.* The defendant must show a reasonable probability that the

end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Id.*

The Court held an evidentiary on this issue during De Oleo's wife, co-defendant Genao's § 2255 motion. Genao, her trial counsel, and De Oleo's trial testified at the hearing. (Doc. No. 317, 7/22-23/2013 Tr.) The Court denied Genao's § 2255 motion, which was affirmed by the Sixth Circuit Court of Appeals. (Doc. Nos. 339 and 346) In its findings, the Court found that based on the evidence presented at the hearing, Genao's and De Oleo's counsel conveyed the Government's plea offers to both co-defendants. (Doc. No. 339, Pg ID 4678) The evidence and testimony further showed that the plea offers were discussed at length "with Genao and her husband . . ." (Doc. No. 339, Pg ID 4679)

In its opinion affirming this Court, the Sixth Circuit noted that the district court's opinion "finds the facts in great detail and demonstrates that Genao and her husband wished to go to trial rather than enter a plea agreement." (Doc. No. 346, Pg ID 4694) The Sixth Circuit found that, "[t]he record supports beyond peradventure that Genao was aware of and explicitly rejected the offer and then was found guilty by the jury." (Doc. No. 346, Pg ID 4695) Although the Government did not renew its plea offer at trial, based on the testimony presented at Genao's ineffective assistance of counsel claim evidentiary hearing, De Oleo

16

was informed of a plea offer and had sufficient opportunity to review such prior to trial. The Court finds that De Oleo's ineffective assistance of trial or appellate counsel claim regarding trial counsel's failure to convey the Government's plea offer is without merit and does not meet the two-part test in *Strickland*.

### 6. Failure to Prove Counts 2-6

De Oleo argues that the Government failed to prove Counts 2 to 6 because the alleged patients mentioned in the Indictment did not testify at trial. De Oleo claims his right to confront the witnesses was violated and that both trial and appeal counsel failed to raise this issue before the Courts. The Government responds that De Oleo only offers conclusory assertions that the patients' testimony was necessary to prove the health care fraud counts.

The Second Superseding Indictment in Counts 2 through 6 charged De Oleo with health care fraud, in violation of 18 U.S.C. § 1347, with respect to six specific claims submitted to Medicare in January 2007. De Oleo does not argue that the testimony and evidence presented by the Government as to Counts 2 through 6 were insufficient to prove the charges. The Government at trial presented the testimony of certain co-conspirators, including Ingrid Mazorra (Doc. No. 266), Jose Rosario (Doc. Nos. 263, 264, 265) and Lill Vargas-Arias (Doc. Nos. 274, 279). Each testified as to how the fraudulent scheme worked and the specific acts

by De Oleo to further the fraud. De Oleo's ineffective assistance of trial and appellate counsel on the issue that patient testimony was not presented is without merit and cannot meet the two-prong test under *Strickland*.

### 7. Summary

Based on the above analysis, the Court finds that De Oleo failed to show that the performance of his trial and appellate counsel were deficient under the first and second prongs of the *Strickland* test. De Oleo failed to show that the sentence imposed was in violation of the Constitution or law of the United States, or that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. De Oleo's § 2255 motion must be denied and dismissed.

## III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability

indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the issues raised are without merit.

### IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 09-20221, Doc. No. 320, filed January 29, 2014]** is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 14-10431]** is **DISMISSED with prejudice and designated as CLOSED.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

                               s/Denise Page Hood  
                               Denise Page Hood  
                               Chief Judge, United States District Court

Dated: June 20, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2016, by electronic and/or ordinary mail.

                                       <u>s/Kelly Winslow for LaShawn R. Saulsberry</u>
                                       Case Manager